UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORRAINE HAYES,

       Plaintiff,

vs.

       Case No. 08-CV-10179
       HON. GEORGE CARAM STEEH

CITY OF DETROIT, KIMBERLY LANGFORD,
SOLOMON BILLS, and PARTHENA GOREE,

       Defendants.

_____/

ORDER ACCEPTING, IN PART, REPORT AND RECOMMENDATION (#18),
GRANTING LANGFORD'S MOTION TO DISMISS (#10) AND
GRANTING CITY OF DETROIT'S MOTION TO DISMISS (#11) AS TO
LIABILITY WITH RESPECT TO LANGFORD ONLY

On referral from this court, Magistrate Judge R. Steven Whalen issued a February 10, 2009 Report and Recommendation recommending that defendant Detroit Emergency Service Officer ("ESO") Kimberly Langford's motion to dismiss be granted, and that defendant City of Detroit's motion to dismiss be granted, in part, as to plaintiff Lorraine Hayes' 42 U.S.C. § 1983 claims of deliberate indifference to medical needs in violation of the Fourteenth Amendment, and gross negligence in violation of state law, but only as to Hayes' claims seeking compensation for physical injuries. Magistrate Judge Whalen recommends denying, in part, City of Detroit's motion to dismiss as to Hayes' claims seeking relief for emotional and psychological damages.

Hayes alleges in her January 11, 2008 Complaint that, on January 12, 2005, she was shot several times at the residence of 4554 Field Street in Detroit. Hayes alleges she immediately dialed "911" for emergency assistance at 9:28 p.m., and spoke with defendant

ESO Langford.  Hayes alleges that, although Langford "assured through her actions that emergency response was on its way to her aid at 4554 Field Street," Langford also "repeatedly insulted her."  Complaint, ¶¶ 25, 28, at 4.  Hayes allegedly phoned "911" a second time, at 9:53 p.m., and asked Langford again for emergency assistance.  ESO Langford allegedly prepared computer aided dispatch sheets after both calls, and forwarded the information, including the proper address, to a "911" dispatcher.  Hayes alleges that "dispatch in turn only sent a Detroit Police Department squad car to 4554 Field Street to aid MS. HAYES."  Complaint, ¶ 38, at 5.  Defendants Detroit Police Officers Solomon Bills and Parthena Goree allegedly responded to the first dispatch, then "call[ed] clear of a police run without having located the complaint's [sic] home[.]" Complaint, ¶ 42, at 6.  Hayes alleges Officers Bills and Goree arrived at 4554 Field Street, but never exited their vehicle nor knocked on the door.  Officers Bills and Goree allegedly ignored a second dispatch to return to 4554 Field Street.  Hayes alleges that emergency medical services ("EMS") were not dispatched to the Field Street residence until her son called the Detroit Police Department at 10:10 p.m..  EMS allegedly arrived at 10:14 p.m., and Hayes was transported to Detroit Receiving Hospital where she was ultimately diagnosed with complete paralysis at the T-4 level.

Magistrate Judge Whalen recommends granting defendant Langford's motion to dismiss on finding: (1) res judicata and collateral estoppel bar Hayes from recovering against defendant Langford for any physical injuries, citing Hayes v. Langford, No. 280049, 2008 WL 5158896 (Mich. Ct. App. Dec. 9, 2008) (affirming summary disposition of gross negligence claim, and reversing summary disposition as to intentional infliction of emotional distress claim), on appeal from, Hayes v. Langford, No. 06-610484-NO (Mich. Cir. Ct. 2006); (2) Hayes fails to state a § 1983 claim against Langford for alleged physical injuries under the "state-created danger exception" to § 1983 liability absent allegations of an

affirmative act committed by Langford that increased Hayes' physical vulnerability, Koulta v. Merciez, 477 F.3d 442 (6th Cir. 2006); May v. Franklin County Com'rs, 437 F.3d 579 (6th Cir. 2006); and (3) although Hayes has pleaded facts that might support a § 1983 claim against Langford for emotional injuries caused by the alleged "repeated insults," Ewolski v. City of Brunswick, 287 F.3d 492, 510 (6th Cir. 2002) (citing County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)), Langford enjoys qualified immunity from such a claim because it was not clearly established under federal law as of January 12, 2005 that verbal abuse alone violated the Fourteenth Amendment absent a physical injury or threat of physical injury, citing Braley v. City of Pontiac, 906 F.2d 220, 226 (6th Cir. 1990).

Magistrate Judge Whalen recommends granting, in part, defendant City of Detroit's motion to dismiss to the extent Hayes alleges the City is responsible under state or federal law for Langford's alleged failure to provide timely medical treatment.  Magistrate Judge Whalen recommends denying City of Detroit's motion to dismiss to the extent Hayes alleges the City may be held liable under federal law for Hayes' alleged psychiatric and emotional injuries.  Plaintiff Hayes has not filed timely objections.

City of Detroit filed timely objections on February 20, 2009.  City of Detroit argues that Magistrate Judge Whalen erred by failing to give res judicata effect to the February 17, 2006 Opinion and Order issued by Michigan's Wayne County Circuit Court in Hayes v. City of Detroit, No. 05-530268-NO (Mich. Cir. Ct. Feb. 17, 2006), granting City of Detroit's motion for summary disposition as to Hayes' state law claims of intentional infliction of emotional distress and gross negligence.  City of Detroit maintains Hayes did not appeal this decision.

"A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28

3

U.S.C. § 636 (b)(1)(C).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  Id.

City of Detroit's objection is well taken.  Hayes filed *two* lawsuits in Michigan's Wayne County Circuit Court, Hayes v. Langford, No. 06-610484-NO, and Hayes v. City of Detroit, No. 05-530268-NO.  Magistrate Judge Whalen applied a res judicata/collateral estoppel analysis only with respect to Case No. 06-610484-NO, the topic of the Michigan Court of Appeals decision in Hayes, 2008 WL 5158896 (Mich. Cir. Ct. Feb. 17, 2006).  See Hayes, 2008 WL 5158896, at *1 (setting forth that the appeal was taken from Wayne Circuit Court; LC No. 06-610484-NO).  City of Detroit's res judicata/collateral estoppel  argument was premised on the February 17, 2006 Opinion and Order issued by the Wayne County Circuit Court in Case No. 05-530268, a decision that was not appealed.  The parties to Case No. 05-530268 were the City of Detroit, and Dispatchers Jane Doe and Jane Roe. See City Of Detroit's March 4, 2008 Exhibits A and B, attached to motion to dismiss (# 11). Wayne County Circuit Judge Daphine Curtis granted City of Detroit summary judgment as to Hayes' claims that the City was vicariously liable under state law for the acts of its 9-1-1 operators/dispatchers, finding the City was entitled to governmental immunity under M.C.L. § 691.1407(1). See City Of Detroit's March 4, 2008 Exhibit B, attached to motion to dismiss (# 11).  As correctly pointed out by the Magistrate Judge, res judicata bars an action in a second lawsuit, as here, where the first lawsuit was decided on the merits, the matter being litigated in the second lawsuit were or *could have been resolved* in the first action, and both actions involved the same parties or their privies.  ABB Paint Finishing, Inc. v. National Union Fire Ins., 223 Mich. App. 559, 562, 567 N.W.2d 456 (1997).  City of Detroit is entitled to dismissal of Hayes' state and federal claims alleging defendant City of Detroit is liable for the actions of defendant ESO Langford based on the doctrine of res judicata.

City of Detroit does not object to the Magistrate Judge's observation that defendants Officers Bills and Goree were not parties to the subject motions to dismiss. <u>See</u> Report and Recommendation, 15 n.6. This court makes no ruling with respect to City of Detroit's alleged liability for the actions of Officers Bills and Goree. The issue was not before Magistrate Judge Whalen, and is not now before this court.

Magistrate Judge Whalen's February 10, 2009 Report and Recommendation is hereby ACCEPTED, IN PART, to the extent that: (1) defendant Kimberly Langford's motion to dismiss is hereby GRANTED; and (2) defendant City of Detroit's motion to dismiss is hereby GRANTED as to the City's alleged liability with respect to the acts or omissions of ESO Langford ONLY. Defendant Langford is hereby DISMISSED from this lawsuit with prejudice.

SO ORDERED.

Dated:  March 4, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 4, 2009, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk