UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORRAINE HAYES,

               Plaintiff,               Case No.  08-10179

v.                                        District Judge George Caram Steeh
                                        Magistrate Judge R. Steven Whalen

CITY OF DETROIT, KIMBERLY LANGFORD,
SOLOMON BILLS, and PARTHENA GOREE,

               Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendant City of Detroit's October 14, 2009 *Motion for Summary Judgment* [Docket #25], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend the following:

    1. That Defendant City of Detroit's unopposed motion be GRANTED, dismissing the City of Detroit with prejudice.

    2. In addition, because Plaintiff cannot show that Defendants Solomon Bills and Parthena Goree violated her constitutional rights, all federal claims against these Defendants should be dismissed *sua sponte* with prejudice.[1]

    3. The remaining state law claims against Defendants Bills and Parthena should be dismissed without prejudice.

---

[1] The undersigned notes that on July 21, 2009, a *Clerk's Entry of Default* against "for failure to plead or otherwise answer the Complaint" was entered against Defendants Bills and Goree. Plaintiff has not sought a default judgment, however. In any event, Defendant City's present motion for summary judgment argues in large part that the absence of an underlying constitutional violation by Bills and Goree extinguishes the municipal claims. *Docket #22, 23*. Because Plaintiff did not respond to City's contention that there was no underlying constitutional violation, dismissal of these Defendants is appropriate.

## I.  Factual Background

Plaintiff Lorraine Hayes, a Detroit, Michigan resident, filed suit on January 11, 2008 pursuant to 42 U.S.C. §1983, alleging violations of her due process rights under the Fourteenth Amendment by Defendant Langford, an Emergency Service Operator ("ESO"), the City of Detroit ("City") and Detroit Police Officers Solomon Bills and Pathena Goree.

The Complaint alleges that on January 12, 2005, Plaintiff, then located at 4554 Field Street, Detroit, Michigan, was shot multiple times by acquaintance Adrian King.  *Complaint* at ¶¶19-22.  Plaintiff called 9-1-1 to request emergency medical assistance at approximately 9:28 p.m., informing now-dismissed ESO Langford that she had been shot.  *Id.* at ¶¶23, 25.  Defendant Langford assured Plaintiff that "emergency response was on its way" to the Field Street address.  *Id.* at ¶25.  Plaintiff alleges that over the course of her two calls to Langford that the ESO "repeatedly insulted" her, "failed to summon emergency" personnel, and otherwise subjected her to "offensive, intentional, extreme, and outrageous conduct."  *Id.* at ¶¶28, 32, 34.

Plaintiff, contending that Defendant Langford failed to impart the seriousness of her condition to police dispatch, concedes that the ESO nonetheless prepared a computer aided dispatch sheet, including Plaintiff's location, which was forwarded to police dispatch.  *Id.* at ¶¶36-37.  According to the Complaint, the responding Detroit Police officers, Defendants Bills and Goree, drove to the 4554 Field Street address, but did not attempt to approach the house or inform dispatch that they experienced difficulty locating Plaintiff before leaving the location.  *Id.* at ¶¶44-45.  Plaintiff alleges that after her second 9-1-1 call to Langford, "[u]pon information and belief," Bills and Goree ignored a dispatch call directing them to return to the Field Street address.  *Id.*  ¶¶48-50.  Following a third 9-1-1 call placed by Plaintiff's son, EMS finally arrived, transporting Plaintiff to Detroit Receiving Hospital.  *Id.*

at ¶49, *Docket #13* at 1. As a result of Plaintiff's injuries, she experienced "complete paralysis at or around the T-4 level," mental anguish, and extreme emotional injuries. *Id.* at ¶51, *Docket #13* at 2. Plaintiff alleges violations of 42 U.S.C. §§1983, 1988 by all Defendants and gross negligence and/or intentional malfeasance by Defendant Goree and Bills only.

On March 4, 2009, the Honorable George Caram Steeh held that Defendant City was entitled to dismissal of Hayes' claims of municipal liability pertaining to the actions of defendant ESO Langford based on the doctrine of *res judicata*. *Docket #20* at 4.

The remaining municipal liability claims against the City are derivative of the alleged constitutional violations by Defendants Bills and Goree. Although claims against the police officers have not yet been dismissed, neither Bills nor Goree have entered a notice of appearance in this case.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish

the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

In addition a Court may dismiss a frivolous or completely non-meritorious complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### III.   ANALYSIS
#### A.  Bills and Goree's Alleged Failure to Assist Plaintiff Does not Rise to the Level of a Constitutional Violation

Defendant City argues first that because Police Officers Bills and Goree's alleged failure to provide necessary medical services does not rise to the level of a constitutional violation, the corresponding municipal claims are extinguished. Citing *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), the City contends that Plaintiff has "no affirmative right to governmental aid" in a non-custodial setting. *Defendant's Brief* at 11, *Docket #25* (*citing DeShaney,* at 196-197). Defendant contends further that Plaintiff cannot show that the police officers' alleged failure

to render assistance amounted to a "state-created danger." *Id.* at 12 (*citing Jackson v. Schultz,* 429 F.3d 586, 589 (6th Cir. 2005)). Second, Defendant City argues that even assuming the presence of constitutional violations by Bills or Goree, "Plaintiff cannot proffer a scintilla of admissible evidence that any City of Detroit policy, custom or procedure was the moving force behind any alleged constitutionally abhorrent conduct." *Id.* at 13-16 (*citing Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

The Due Process Clause does not "require [ ] the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney*, 489 U.S. at 195. In *DeShaney*, the State first took temporary custody of a young child, but later returned him to his abusive father, who beat him to the extent that he suffered severe and irreversible brain damage. The Supreme Court declined to find a due process violation by State actors, stating, "that the State once took temporary custody of Joshua does not alter the analysis, for when it returned him to his father's custody, it placed him in no worse position than that in which he would have been had it not acted at all." *Id.* at 201. While *DeShaney* provides an exception to individuals in custody of the State, Plaintiff does not allege that she was ever in Defendants' custody. *Id.,* 489 U.S. at 198-199. Thus the custodial or "special relationship" exception is not applicable.

However, *DeShaney* implied that there could also be a due process violation if state action made an individual more vulnerable to harm. *Id.,* 489 U.S. at 201. This has come to be known as the "state-created danger" exception to *DeShaney*,[2] and was described by the

---

[2] The "state created danger" exception is different from the "special relationship" exception to the general rule of *DeShaney*. The prototypical special relationship, which creates a duty for the state to protect, is where an individual is in police or state custody.

-5-

Sixth Circuit in *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998) as applicable where the state "cause[s] or greatly increase[s] the risk of harm to its citizens...through its own affirmative acts." A state-created danger claim has three elements:

> " '(1) an affirmative act by the state which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party; (2) a special danger to the plaintiff wherein the state's actions placed the plaintiff specifically at risk, as distinguished from a risk that affects the public at large; and (3) the state knew or should have known that its actions specifically endangered the plaintiff.' "

*Jones v. Reynolds,* 438 F.3d 685, 690 (6th Cir.2006) (*citing Cartwright v. City of Marine City,* 336 F.3d 487, 493 (6th Cir.2003)).

The first prong of the state-created danger exception, set forth in *Jones*, requires that the state actor "either created or increased the risk" of exposure to the acts of a third party. However, *Ewolski v. City of Brunswick,* 287 F.3d 492, 509 (6th Cir. 2002), notes more generally that "state officials may violate the Due Process Clause when their *affirmative actions* directly increase the vulnerability of citizens to danger or otherwise place citizens in harm's way." (Emphasis added). *See also Butera v. District of Columbia,* 235 F.3d 637, 648-49 (D.C.Cir.2001)("a duty to protect can arise in a non-custodial setting if the state does anything to render an individual more vulnerable to danger.").

Constitutional claims against the police officers (and by extension, the City) fail under the first prong of *Jones*. Bills and Goree's failure to perform a thorough investigation of Plaintiff's residence, *i.e*., getting out of the car, knocking at the door, or walking the perimeter of the residence, does not qualify as an "affirmative act" triggering the state-created danger exception to *DeShaney. See Koulta v. Merciez*, 477 F.3d 442 (6th Cir. 2007). In *May v. Franklin County Com'rs* 437 F.3d 579, 586 (6th Cir. 2006), the Sixth Circuit found that there was no "affirmative act" that would trigger the *Kallstrom* exception where the 9-1-

1 operator and the police defendants seriously bobbled an emergency call in a domestic violence situation that ended in a murder. Despite finding the facts "deeply troubling," the Court held that "[w]hile appellees' actions in response to . . . calls for [9-1-1] assistance may not be faultless, none of appellees' actions directly increased [the victim's] vulnerability to danger or placed her in harm's way." *Id.* (*citing Ewolski,* 287 F.3d at 509). "[the plaintiff] has been unable to show that any of appellees' actions constitute affirmative acts as *Kallstrom* requires to sustain her state-created-danger claim." *Id.*

Defendants Bills and Goree's allegedly substandard responses to the first two dispatches to Plaintiff's residence are likewise disturbing. However, there being no "affirmative act," *DeShaney* controls, and there is no substantive due process violation based on the Plaintiff's physical injuries. I again note that Plaintiff has not responded to the Defendant City's argument that there was no underlying constitutional violation. *See* fn. 1, *supra*. Thus, because the claims against Bills and Goree are "devoid of merit," they may be dismissed *sua sponte* under Rule 12(b)(1). *Apple v. Glenn, supra.*

Moreover, because Plaintiff requests monetary damages but not injunctive relief, dismissal of the official, in addition to the individual capacity claims is appropriate. Monetary claims (unlike requests for purely injunctive relief against § 1983 defendants in their official capacities) *i.e*, in their capacity as agents of the state under 42 U.S.C. § 1983, are subject to dismissal on the basis of the immunity granted by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

### B. Municipal Liability

Defendant City argues pursuant to *Monell, supra,* 436 U.S. 658, 98 S.Ct. 2018, 56

L.Ed.2d 611 (1978) that Plaintiff has not provided "a scintilla of evidence" to support its claims of municipal liability. *Defendant's Brief* at 13-16.  Aside from her failure to respond to the present motion, I agree that Plaintiff has failed to develop the Complaint's allegations that Bill and Goree's actions were attributable to the City's custom, policy, or failure to train its employees.  More obviously, in the absence of a constitutional violation by either individual Defendant, the municipal liability claims against Defendant City fail as a matter of law.

### C.  State Claims Against Bills and Goree

The Complaint also alleges state law violations of "misconduct, gross negligence and/or intentional malfeasance" by Defendants Bills and Goree.  *Complaint* at ¶74(a-e). "When a plaintiff's federal claims have been dismissed on the merits, the question of whether to retain jurisdiction over the state law claims rests within the Court's discretion." *Schirrick v. AU Sable Valley Community Mental Health Authority* WL 373038, 7-8 (E.D.Mich., 2006) (Lawson, J.)( *citing Blakely v. United States,* 276 F.3d 853, 860 (6th Cir.2002)); 28 U.S.C. § 1367(c)(3). Because I would dismiss all of the current federal claims, the exclusively state law claims remaining should be dismissed without prejudice.  *Weeks v. Portage County Executive Offices,* 235 F.3d 275, 279-80 (6th Cir.2000).

### IV.  CONCLUSION

For these reasons, I recommend the following:

1. That Defendant City of Detroit's unopposed motion for summary judgment [Docket #25] be GRANTED, dismissing the City of Detroit with prejudice.

2.  In addition, because Plaintiff cannot show that Defendants Solomon Bills and Parthena Goree violated her constitutional rights, all federal

claims against these Defendants should be dismissed *sua sponte* with prejudice.

3. The remaining state law claims against Defendants Bills and Parthena should be dismissed without prejudice.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.CT. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                                         s/R. Steven Whalen
                                                                         R. STEVEN WHALEN
                                                                         UNITED STATES MAGISTRATE JUDGE

Dated: January 26, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 26, 2010.

                                    s/Susan Jefferson
                                    Case Manager