UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORRAINE HAYES,

        Plaintiff,

vs.

        Case No. 08-CV-10179
        HON. GEORGE CARAM STEEH

CITY OF DETROIT, KIMBERLY LANGFORD,
SOLOMON BILLS, and PARTHENA GOREE,

        Defendants.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION (# 27), GRANTING CITY OF DETROIT'S MOTION FOR SUMMARY JUDGMENT (# 25), DISMISSING CLAIMS ALLEGED AGAINST CITY OF DETROIT WITH PREJUDICE, VACATING DEFAULTS OF DEFENDANTS BILLS AND GOREE (# 23) DISMISSING FEDERAL CLAIMS ALLEGED AGAINST DEFENDANTS BILLS AND GOREE WITH PREJUDICE, AND DISMISSING STATE LAW CLAIMS AGAINST BILLS AND GOREE WITHOUT PREJUDICE

Plaintiff Lorraine Hayes filed a January 11, 2008 Complaint against defendants City of Detroit, Detroit Emergency Service Officer ("ESO") Kimberly Langford, and Detroit Police Officers Solomon Bills and Parthena Goree alleging federal liability under 42 U.S.C. § 1983 for deliberate indifference to Hayes' serious medical needs in violation of the Fourteenth Amendment, and state law claims of gross negligence and intentional malfeasance against defendants Bills and Goree only. Hayes' claims arise from ESO Langford's alleged failure to promptly dispatch emergency medical services to Hayes' Detroit, Michigan, residence on January 12, 2005, after Hayes reported that she had been shot, and Officers Bills' and Goree's alleged failure to properly respond to two dispatches to the home. The details of the Complaint are set forth in the court's March 4, 2009 Order granting defendant ESO

Langford's motion to dismiss on the basis of res judicata as applied to Hayes' state court lawsuit, Hayes v. City of Detroit, No. 05-530268-NO, and granting City of Detroit's motion to dismiss as to liability with respect to Langford only. Langford was dismissed from the lawsuit with prejudice. March 4, 2009 Order, at 5. As a result, Hayes' remaining claims were the federal § 1983 claims as alleged against City of Detroit as to liability with respect to Officers Bills and Goree only, and the federal § 1983 claims and state law claims as alleged against Officers Bills and Goree.

The City of Detroit filed a motion for summary judgment on October 14, 2009. The motion was referred to Magistrate Judge R. Steven Whalen. Plaintiff Hayes did not file a response to the motion. Magistrate Judge Whalen issued a ten-page Report and Recommendation on January 26, 2010, recommending that: (1) City of Detroit's motion for summary judgment be granted; (2) a July 21, 2009 entry of default against Officers Bills and Goree be vacated, and Hayes' federal § 1983 claims against Officers Bills and Goree be dismissed sua sponte with prejudice because the claims are "devoid of merit," Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999); and (3) the remaining state law claims alleged against Officers Bills and Goree be dismissed without prejudice on declining to exercise supplemental jurisdiction. Weeks v. Portage County Executive Offices, 235 F.3d 275, 279-80 (6th Cir. 2000); 28 U.S.C. § 1367(c)(3). Magistrate Judge Whalen reasons that Hayes' federal claims against Officers Bills and Goree are subject to dismissal pursuant to DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189 (1989) and Jones v. Reynolds, 438 F.3d 685 (6th Cir. 2006) because the "state-created danger" exception to non-liability in a non-custodial setting is inapplicable. See January 26, 2010 Report and Recommendation, at 5-7. Magistrate Judge Whalen also reasons that Hayes has failed to show that Officers Bills' and Goree' alleged unconstitutional acts were attributable to a City of Detroit policy, custom, or practice. Monell v. New York City Dep't of Social Services, 436

U.S. 658 (1978). Magistrate Judge Whalen further explains that, absent an actionable federal § 1983 claim against Officers Bills and Goree, City of Detroit cannot be held liable under a theory of municipal liability.

Objections to a Report and Recommendation must be filed within 14 days of service. 28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2). Hayes has not filed timely objections to the Report and Recommendation, and has thus waived further judicial review. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Sec'y of Health and Human Servs., 932 F.2d 505 (6th Cir. 1981). The court has reviewed the Report and Recommendation, and in the absence of timely objection,

The court hereby adopts Magistrate Judge Whalen's January 26, 2010 Report and Recommendation. Defendant City of Detroit's motion for summary judgment is hereby GRANTED. Hayes' claims as alleged against City of Detroit are hereby DISMISSED with prejudice. The July 21, 2009 defaults of Officers Bills and Goree are hereby VACATED, and Hayes' federal claims as alleged against Officers Bills and Goree are hereby DISMISSED with prejudice. Plaintiff Hayes' state law claims of gross negligence and intentional malfeasance as alleged against Officers Bills and Goree are hereby DISMISSED, without prejudice.

SO ORDERED.

Dated: February 17, 2010

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 17, 2010, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

4